UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MELISSA E. V.,[1]

                    Plaintiff,

   -v-

LEE DUDEK, ACTING COMMISSIONER
OF SOCIAL SECURITY,[2]

                    Defendant.

CIVIL ACTION NO. 24 Civ. 5546 (RFT)

**OPINION AND ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

      Plaintiff Melissa E. V., proceeding without a lawyer, filed suit for judicial review of a final determination by the Commissioner of the Social Security Administration (the "SSA"), dismissing her request for Appeals Council review of the denial by the Administrative Law Judge (the "ALJ") of Plaintiff's claim for supplemental security income ("SSI") under the Social Security Act (the "Act"). (*See* ECF 1, Compl. ¶¶ 6-7.) Pending before the Court is Defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*See* ECF 16, Mot. To Dismiss.) Also pending before the Court is Plaintiff's motion to re-open the case (*see* ECF 26, Mot. To Re-Open), although the case has not been closed. Having carefully reviewed the parties' submissions, for the reasons set forth below, the motion to dismiss is **GRANTED** without

---

[1]    To protect Plaintiff's privacy, she is identified by her first name and middle and last initials only.

[2]    Lee Dudek is the Acting Commissioner of the Social Security Administration. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is substituted as the defendant in this action.

prejudice to Plaintiff's filing an amended complaint addressing the issues raised in this opinion and order. Plaintiff's motion to re-open is **DENIED** as moot.

## PROCEDURAL HISTORY

Plaintiff Melissa E. V., the claimant's mother, applied for SSI, alleging that claimant was disabled beginning on October 20, 2010. (*See* ECF 17, Declaration of Lesha Cowell in Supp. ¶ 3; ECF 17-1, ALJ Decision at 7-8.) On October 27, 2021, the ALJ found that the claimant had not been disabled since January 9, 2017, and the ALJ denied Plaintiff's claim for SSI. (*See* ECF 17-1, ALJ Decision at 1, 17.) The decision was sent to Plaintiff by mail to 546 E 182nd Street, Apt. 1E, Bronx, NY 10457. (*See id.* at 1.)

Plaintiff appears to have filed a timely request for review of the ALJ's decision by the Appeals Council, because on October 14, 2022, the Appeals Council denied her request for review. (*See* ECF 17-2, Notice of Appeals Council Action at 1.) The decision was sent to Plaintiff by mail to 546 E 182nd Street, Apt. 1E, Bronx, NY 10457. (*See id.*) The materials sent to Plaintiff stated that she must file any civil action challenging the ALJ's decision within 60 days of receiving the notice of the Appeals Council's decision; Plaintiff is assumed to have received the Appeals Council's notice five days after the date on the decision letter unless she shows that she did not receive it during that five-day period. (*See id.* at 2-3.)

On April 11, 2024, Plaintiff wrote to the Appeals Council noting that she had called the SSA because she had not received any documents to appear on behalf of claimant in connection with the SSI application. (*See* ECF 17-3, Appeals Council Letter at 1, 7.) Plaintiff wrote that she no longer resided at the address where the October 14, 2022 Appeals Council notice had been sent: a shelter assignment record indicates that Plaintiff was assigned to a residence at 652 Park

Avenue Brooklyn, NY 11206, with a start date of July 23, 2022. (*See id.* at 6-7.) An undated letter from the Brooklyn residence confirms that Plaintiff had been living there since December 12, 2022. (*See id.* at 4.)

On May 7, 2024, the Appeals Council responded, construing Plaintiff's letter as a request to re-open and change its October 14, 2022 decision denying the request for review. (*See id.* at 1.) The Appeals Council declined to do so, stating that Plaintiff's documents did not create a reasonably probability that the ALJ's denial of SSI benefits would change. (*Id.*)

Plaintiff, proceeding without a lawyer, filed her Complaint on July 18, 2024. (*See* ECF 1, Compl.) Plaintiff alleged in her Complaint that she received the Appeals Council's notice in May 2024. (*Id.* ¶ 8.) By Order of Reference dated July 31, 2024, Judge Valerie E. Caproni referred this case to me for social security purposes. (*See* ECF 8, Order of Reference.) On September 10, 2024, all parties consented to my jurisdiction pursuant to 28 U.S.C. § 636(c) and Rule 73(b)(1) of the Federal Rules of Civil Procedure. (*See* ECF 15, Consent to Jurisdiction.)

On September 30, 2024, Defendant moved to dismiss the Complaint as untimely pursuant to Rule 12(b)(6) or, in the alternative, for summary judgment pursuant to Rule 56. (*See* ECF 16, Mot. To Dismiss; ECF 18, Defs.' Mem. in Supp. of Mot. To Dismiss.) Specifically, Defendant contends that Plaintiff's Complaint should be dismissed as untimely pursuant to 42 U.S.C. § 405(g), because this action was not commenced within 60 days after Plaintiff's presumed receipt of the Appeals Council's notice. (*See* ECF 18, Defs.' Mem. in Supp. of Mot. To Dismiss at 7.)

On October 31, 2024, I directed Plaintiff to respond to Defendant's motion by November 4, 2024. (*See* ECF 24, Order.) Plaintiff did not respond to Defendant's motion or request an

3

extension of time to respond. On November 13, 2024, I scheduled a telephonic status conference for November 19, 2024 to discuss Plaintiff's intention to respond to the motion to dismiss. (*See* ECF 25, Order.) On November 26, 2024, Plaintiff filed a letter motion requesting that I re-open the case. (*See* ECF 26, Mot. To Re-Open)

## DISCUSSION

I. **Legal Standards**

   A. Motion To Dismiss

A motion to dismiss based on statute of limitations grounds is generally treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).[3] *See Kesoglides v. Comm'r of Soc. Sec.*, No. 13-CV-4724 (PKC), 2015 WL 1439862, at *2 (E.D.N.Y. Mar. 27, 2015) ("A statute of limitations defense, based exclusively on dates contained within the complaint or appended materials, may be properly asserted by a defendant in a Rule 12(b)(6) motion.").[4]

In deciding a motion to dismiss, the Court "must accept as true all of the allegations contained in a complaint," but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When deciding a Rule 12(b)(6) motion, a district court may consider, in addition to the

---

[3] A court may decide either to "exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment under Fed. R. Civ. P. 56." *Girardi v. Ferrari Express, Inc.*, No. 20-CV-4298 (VSB), 2023 WL 2744027, at *3 (S.D.N.Y. Mar. 31, 2023) (quoting *Friedl v. City of N.Y.*, 210 F.3d 79, 83 (2d Cir. 2000)). As this Court is resolving the motion based on the Complaint, as well as those documents properly incorporated by reference, Defendant's motion for summary judgment in the alternative need not be reached.

[4] Unless otherwise indicated, this opinion and order omits all internal quotation marks, citations, footnotes, omissions, emphases, and alterations in quoted text.

4

factual allegations in the complaint, "documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

The Complaint, filed by Plaintiff without a lawyer, "must be construed liberally to raise the strongest arguments it suggests." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013).

B.     Statute of Limitations for Social Security Claims

The statutory deadline for filing a civil action after final rejection of an SSI claim is outlined in 42 U.S.C. § 405(g). The statute provides that appeals to the district court from final decisions of the Appeals Council must be made "within sixty days after the mailing . . . of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g); *see Watkins v. Comm'r of Soc. Sec.*, No. 22-CV-3619 (PGG) (SN), 2024 WL 244381, at *2 (S.D.N.Y. Jan. 22, 2024).

Pursuant to § 405(g), the Commissioner promulgated 20 C.F.R. § 422.210(c), which provides that any the appeal "must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received." 20 C.F.R. § 422.210(c). Thus, "[r]ather than commencing on the date [the] notice of decision is mailed to the claimant, the sixty day period starts from the time notice is received by the claimant." *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984). The date of receipt is "presumed" to be five days after the date of the notice, absent a "reasonable showing to the contrary." 20 C.F.R. § 422.210(c). Because the 60-day limitations period is a condition to the government's waiver of sovereign immunity, the

5

limitations period must be strictly construed. *See Bowen v. City of New York*, 476 U.S. 467, 479 (1986).

Only when a claimant successfully rebuts the presumption with a "reasonable showing" that he received notice of decision after five days, the burden shifts to the Commissioner to establish that the claimant received actual notice. *See Matsibekker*, 738 F.2d at 81.

**II.    Analysis**

    A.    <u>Plaintiff Has Not Shown that the Complaint Is Timely</u>

The Appeals Council's denial of Plaintiff's request for review is dated October 14, 2022. (ECF 17-2, Notice of Appeals Council Action at 1.) Thus, October 19, 2022, is the presumed date of receipt. The 60-day period for Plaintiff to file a civil action began on October 20, 2022, and ended on December 19, 2022.[5] The Clerk of Court for the Southern District of New York docketed Plaintiff's Complaint on July 18, 2024. (*See* ECF 1, Compl.) Thus, unless Plaintiff rebuts the presumption that she received the notice on October 19, 2022, her Complaint must be deemed untimely. *See Liranzo v. Astrue*, No. 07-CV-5074 (CBA), 2010 WL 626791, at *1 (E.D.N.Y. Feb. 23, 2010) ("Only when a claimant successfully rebuts the presumption with a reasonable showing that he received notice of decision after five days, the burden shifts to the Commissioner of Social Security to establish that the claimant received actual notice."), *aff'd*, 411 F. App'x 390 (2d Cir. 2011).

---

[5]    The sixtieth day after October 19, 2022 was Sunday, December 18, 2022; Plaintiff's 60-day period was extended to the next business day, December 19, 2022. *See DeJesus v. Comm'r of Soc. Sec.*, No. 15-CV-4211 (AT) (HBP), 2017 WL 880875, at *2 (S.D.N.Y. Mar. 3, 2017), *report and recommendation adopted*, 2017 WL 2191609 (S.D.N.Y. May 17, 2017).

The courts of this Circuit have previously decided that to overcome the presumption, the claimant must not only assert that she did not receive notice within five days but also "must present some affirmative evidence indicating that actual receipt occurred more than five days after issuance." *Davila v. Barnhart*, No. 01-CV-0194 (DLC), 2002 WL 484678, at *1 (S.D.N.Y. Apr. 1, 2002); *see, e.g.*, *Rodriguez v. Comm'r of Soc. Sec.*, No. 16-CV-2076 (LGS) (BCM), 2017 WL 6379618, at *3 (S.D.N.Y. Nov. 16, 2017) (finding that a pro se plaintiff's complaint lacked "evidentiary support" to overcome the presumption that the plaintiff had received the Appeals Council's notice within five days of mailing), *report and recommendation adopted*, 2017 WL 6375785 (S.D.N.Y. Dec. 11, 2017); *Velez v. Apfel*, 229 F.3d 1136, 1136 (2d Cir. 2000) (concluding that the presumption was not rebutted where the plaintiff made no "reasonable showing to the contrary" beyond her "conclusory allegation" that she never received the notice); *Guinyard v. Apfel*, No. 99-CV-4242 (MBM), 2000 WL 297165, at *3 (S.D.N.Y. Mar. 22, 2000) (noting that the plaintiff's unsupported assertions that she did not receive the Appeals Council's notice within five days were insufficient to rebut the presumption).

Plaintiff argues that she "never received any documents" because she was living at a different address when the Appeals Council's notice was sent. (*See* ECF 17-3, Appeals Council Letter at 7.) The Appeals Council notice, dated October 14, 2022, was sent to 546 E 182nd Street, Apt. 1E, Bronx, NY 10457. (*See* ECF 17-2, Notice of Appeals Council Action at 1.) Plaintiff claims that by July 23, 2022, she had moved to a shelter at 652 Park Avenue, Brooklyn, NY 11206, so she never received the Appeals Council's notice. (*See* ECF 17-3, Appeals Council Letter at 7.) However, this assertion alone is insufficient, as "a plaintiff must do more than merely assert that [s]he did not receive the notice within five days . . . . Rather, a plaintiff must present

7

some affirmative evidence indicating that the actual receipt occurred more than five days after issuance." *Liranzo*, 2010 WL 626791, at *2 (concluding that the plaintiff's assertions that he did not receive the Appeals Council's notice because his mailbox was "located outside of the premises" and "prey by the vandals in a low[-]income community" and that he was physically incapable of checking it daily, was insufficient to rebut the presumption of receipt within five days); *see also Cartwright v. Comm'r of Soc. Sec.*, No. 19-CV-10853 (AEK), 2021 WL 4249430, at *4 (S.D.N.Y. Sept. 17, 2021) (finding that the plaintiff's assertion of late receipt of the Appeals Council's notice to be insufficient and dismissing the complaint that had been filed one day late); *Marte v. Apfel*, No. 96-CV-9024 (LAP), 1998 WL 292358, at *2 (S.D.N.Y. June 3, 1998) (commenting that the plaintiff's unsubstantiated affidavit "cannot provide a substitute for a more concrete showing that the plaintiff or her attorney actually did not receive the [Appeal Council's] notice within five days of the date of mailing").

    B.    <u>Equitable Tolling Is Not Warranted</u>

The principle of equitable tolling may excuse a claimant's failure to file his complaint on time. *See Bowen*, 476 U.S. at 479-80. "[T]he doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that [s]he has been pursuing [her] rights diligently and that some extraordinary circumstance stood in [her] way." *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005). The plaintiff bears the burden of persuasion to show that tolling is justified. *See, e.g.*, *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000). Courts may toll the § 405(g) limitations period when "the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Bowen*, 476 U.S. at 480 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)). Equitable tolling is generally warranted only in "in rare and

exceptional circumstances in which a party is prevented in some extraordinary way from exercising [her] rights." *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003). However, such tolling is "not infrequently appropriate" in cases involving social security benefits, because "Congress intended to be unusually protective of claimants in this area." *Canales v. Sullivan*, 936 F.2d 755, 758 (2d Cir. 1991).

There are no allegations in the Complaint that would allow the Court to infer that Plaintiff acted with diligence or that extraordinary circumstances prevented her from filing on time. The Appeals Council denied Plaintiff's request for review on October 14, 2022. (*See* ECF 17-2, Notice of Appeals Council Action at 1.) There were no communications from Plaintiff until April 11, 2024, almost one year and six months later. (*See* ECF 17-3, Appeals Council Letter at 7.) Plaintiff submitted no evidence that she contacted the SSA or this Court in the interim. Further, Plaintiff did not take action to file this suit until July 18, 2024, more than three months after her prior contact with the SSA. (*See* ECF 1, Compl.) Plaintiff also failed to file any opposition to the Commissioner's motion to dismiss by November 4, 2024. (*See* ECF 24, Order.) Accordingly, Plaintiff's failure to pursue her rights diligently precludes equitable tolling of the 60-day limitations period. *See, e.g.*, *Twumwaa v. Colvin*, No. 13-CV-5858 (AT) (JLC), 2014 WL 1928381, at *4 (S.D.N.Y. May 14, 2014) (dismissing the complaint where the plaintiff had filed her complaint seven days after the expiration of the time limit); *Davila v. Barnhart*, 225 F. Supp. 2d 337, 340 (S.D.N.Y. 2002) (finding that equitable tolling was not warranted where the plaintiff had filed one day late and noting that the plaintiff had "fail[ed] to assert sufficient facts to raise an issue as to the cause of the late filing").

### III. Leave To Replead

Plaintiff does not request leave to amend, and the Court is not obligated to grant leave to amend sua sponte. *See Trautenberg v. Paul, Weiss, Rifkind, Wharton & Garrison L.L.P.*, 351 F. App'x 472, 474 (2d Cir. 2009) (holding, where the plaintiff did not seek leave to amend in opposition to the motion to dismiss, that the district court did not abuse its discretion by failing to grant him such leave sua sponte). Moreover, a "plaintiff need not be given leave to amend" where, as here, Plaintiff "fails to specify . . . how amendment would cure the pleading deficiencies in its complaint." *Moniodes v. Autonomy Cap. (Jersey) LP*, No. 20-CV-5648 (GHW), 2021 WL 3605385, at *8 (S.D.N.Y. Aug. 11, 2021).

However, "[i]n this circuit, it is the usual practice upon granting a motion to dismiss to allow leave to replead." *Leneau v. Ponte*, No. 16-CV-0776 (GHW), 2018 WL 566456, at *18 (S.D.N.Y. Jan. 25, 2018) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)). "[A] pro se litigant in particular should be afforded every reasonable opportunity to demonstrate that [she] has a valid claim." *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000). "A pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). Plaintiff has "not yet had the benefit of a decision of the Court explaining the pleading standards necessary for [her] claims to survive a motion to dismiss." *Al-Haj v. Akuamoah*, No. 19-CV-6072 (LJL), 2021 WL 964211, at *5 (S.D.N.Y. Mar. 15, 2021).

Of course, "leave to amend a complaint may be denied when amendment would be futile." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Tocker v. Philip Morris Cos.*, 470

F.3d 481, 491 (2d Cir. 2006)); *see also Moniodes*, 2021 WL 3605385, at *8. But I believe that granting Plaintiff leave to amend the Complaint would not necessarily be futile. Plaintiff has not yet had an opportunity to submit an amended complaint, and Plaintiff now has the benefit of the Court's analysis to cure the deficiencies identified in this report and recommendation. *See, e.g.*, *Norman v. Experian Info. Sols., Inc.*, No. 23-CV-9245 (GHW), 2024 WL 1175201, at *3 (S.D.N.Y. Mar. 19, 2024) ("The pleading deficiencies identified in the R&R and this order may be corrected, so amendment is not necessarily futile.").

Here, Plaintiff may overcome a motion to dismiss by filing an amended complaint which rebuts the presumption that she received the Appeals Council's notice of denial within five days of its issuance. The Appeals Council's notice, dated October 14, 2022, was addressed to 546 E 182nd Street, Apt. 1E, Bronx, NY 10457 and creates a presumption of receipt by October 19, 2022. (*See* ECF 17-2, Notice of Appeals Council Action at 1.) To rebut this presumption, Plaintiff can provide evidence in an amended complaint demonstrating that she resided at a different address when the notice was sent. Additionally, Defendant's motion to dismiss contains submissions by Plaintiff to the SSA. (*See* ECF 17-3, Appeals Council Letter at 4-7.) If Plaintiff wishes the Court to consider these materials, she should incorporate them in her amended complaint. Importantly, Plaintiff must "do more than merely assert that" she lived elsewhere in October 2022; she must provide "some affirmative evidence" to support her claim, such as documentation substantiating her place of residence at that time. *See Liranzo*, 2010 WL 626791, at *2.

Finally, if Plaintiff's case is not dismissed, it does not mean that she will necessarily prevail on the merits of her claim for supplemental security income. Instead, the Court will

proceed with a review of the SSA's determinations. "In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)). The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009). It is not the Court's function to "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Accordingly, if Plaintiff overcomes the statute of limitations challenge, she will need to further argue why the ALJ or the Appeals Council rendered decisions that were not supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED**, without prejudice to Plaintiff's filing an amended complaint within 30 days of the date of this opinion and order. The amended complaint should address the issues with the Complaint discussed in this opinion

and order. The Clerk of Court is respectfully requested to terminate ECF 16 and to terminate ECF 26 as moot, since this case has not been closed.

Dated: New York, New York
      March 11, 2025

SO ORDERED.

_____
ROBYN F. TARNOFSKY
**United States Magistrate Judge**