UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MELISSA E. V.,[1]

                  Plaintiff,

   -v-

COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.

24-CV-5546 (RFT)

**OPINION AND ORDER**

---

**ROBYN F. TARNOFSKY, UNITED STATES MAGISTRATE JUDGE:**

This matter is before me on consent. (*See* ECF 15.) Plaintiff Melissa E. V., proceeding without a lawyer, filed suit for judicial review of a final determination by the Commissioner of the Social Security Administration (the "SSA"), dismissing her request for Appeals Council review of the denial by the Administrative Law Judge of Plaintiff's claim for supplemental security income ("SSI") under the Social Security Act. (*See* ECF 1, Compl. ¶¶ 6-7.) For the reasons set forth below, I am sua sponte dismissing the case, without prejudice, for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

**PROCEDURAL HISTORY**

The factual background of the case is set out in my opinion and order dated March 11, 2025, which granted Defendant's motion to dismiss without prejudice. (*See* ECF 28, Opinion & Order.)

---

[1] To protect Plaintiff's privacy, she is identified by her first name and middle and last initials only.

Plaintiff filed her complaint on July 18, 2024. (ECF 1, Compl.) Defendant moved to dismiss on September 30, 2024 (ECF 16), and the motion was fully briefed by November 26, 2024. (ECF 26). I granted the motion to dismiss on March 11, 2025, without prejudice, and I gave Plaintiff until April 10, 2025 to file an amended complaint addressing the issues with her complaint that I had identified in the opinion and order of dismissal. (ECF 28, Opinion & Order at 12-13.) Plaintiff failed to do so, and on April 15, 2025, I retroactively extended her time to file an amended complaint or to ask for an extension of time to do so until May 15, 2025. (*See* ECF 31.)

Plaintiff failed to file an amended complaint by May 15, 2025. I held a telephonic conference on June 6, 2025. Plaintiff and counsel for SSA attended. Plaintiff stated that she would still like to file an amended complaint. I therefore retroactively extended Plaintiff's time to file an amended complaint or to ask for an extension of time to do so until June 27, 2025. (*See* ECF 33.)

Plaintiff failed to file an amended complaint by June 27, 2025. I held a conference on July 9, 2025. Plaintiff again indicated that she still wished to file an amended complaint. I extended the time for Plaintiff to file her amended complaint or to ask for an extension of time to do so until July 30, 2025. (*See* ECF 35.) Plaintiff was reminded that if she wanted to continue this case, she needed to file the required documents as ordered by the Court, and that failure to make required filings in a timely way might lead to a decision dismissing this case for her failure to move the case forward. (*See id*.)

Plaintiff did not file an amended complaint or a request for an extension of time to do so by the July 30, 2025 deadline. The Court mailed a copy of the order filed at ECF 35 to Plaintiff, but the order was not delivered and was returned to the Court. My courtroom deputy emailed Plaintiff a copy of the order on July 23, July 25, and July 28, 2025, on which counsel for Defendant was copied. (*See* ECF 36.) My courtroom deputy did not receive notices that her emails to Plaintiff were

2

undeliverable, and on prior occasions, my deputy has successfully communicated with Plaintiff at the same email address that received the copies of the order. On July 28, 2025, my courtroom deputy also called Plaintiff and left a voicemail requesting confirmation that Plaintiff had received a copy of the order.

Plaintiff did not respond. On August 6, 2025, I retroactively extended Plaintiff's time to file an amended complaint until September 8, 2025. (*See* ECF 37.) In that order, I warned Plaintiff that her failure to file an amended complaint with the Court by that date (or to request a reasonable extension of time to do so) could lead to dismissal of the Complaint for failure to prosecute under Rule 41(b). Plaintiff was also advised that there is a Legal Assistance Clinic available to assist self-represented parties in civil cases. (*See id.*) On August 7, 2025, my courtroom deputy mailed a copy of the order filed at ECF 37 to Plaintiff; and on August 11, 2025, my courtroom deputy emailed Plaintiff a copy of that order, on which counsel for Defendant was copied. My courtroom deputy did not receive notices that her emails to Plaintiff were undeliverable, and on prior occasions, my deputy has successfully communicated with Plaintiff at the same email address that received the copies of the order.

Plaintiff did not respond. On September 30, 2025, I issued an order for Plaintiff to show cause why this action should not be dismissed with my August 6, 2025 order and subsequent orders directing Plaintiff to file an amended complaint. The order explained that Plaintiff could comply with the order to show cause by filing an amended complaint or requesting a reasonable time to do so. I set a deadline of October 30, 2025, and clearly stated that if Plaintiff did not comply with that order by October 30, 2025, the Court would dismiss this action without prejudice. (*See* ECF 38.) On October 1, 2025, a copy of the order filed at ECF 38 was mailed to Plaintiff. My courtroom deputy also emailed Plaintiff a copy of that order, on which counsel for Defendant was

3

copied. My courtroom deputy did not receive notices that her emails to Plaintiff were undeliverable, and on prior occasions, my deputy has successfully communicated with Plaintiff at the same email address that received the copy of the order.

Plaintiff did not respond. Plaintiff has failed to take any steps since April 10, 2025 to prosecute this case and has repeatedly failed to comply with this Court's orders.

## LEGAL STANDARDS

"[A] plaintiff has a general obligation to prosecute her case diligently, and, if she fails to do so, the Court may dismiss the action under Rule 41(b), for failure to prosecute." *Zapata v. Isabella Geriatric Ctr.*, No. 12-CV-0738 (ALC) (DF), 2013 WL 1762900, at *2 (S.D.N.Y. Apr. 1, 2013), *report and recommendation adopted*, 2013 WL 1762168 (S.D.N.Y. Apr. 24, 2013).[2] Plaintiff has the ultimate obligation of moving the case to trial, and "dismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by [the] plaintiff." *Perez v. City of New York*, No. 19-CV-2351 (LAK) (OTW), 2022 WL 21781461, at *1 (S.D.N.Y. Aug. 10, 2022). Rule 41(b) permits a court to sua sponte dismiss an action. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

The Second Circuit directs district courts to consider five non-dispositive factors in weighing the propriety of a Rule 41(b) dismissal: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right

---

[2] Unless otherwise indicated, this opinion and order omits all internal quotation marks, citations, footnotes, omissions, emphases, and alterations in quoted text.

to due process and a fair chance to be heard, and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." *LeSane*, 239 F.3d at 209.

Additionally, in *Romano v. Laskowski*, No. 22-1896, 2024 WL 4635227 (2d Cir. Oct. 31, 2024), the Second Circuit issued a summary order providing guidance on the application of Rule 41(b): the Second Circuit reversed the district court's dismissal without prejudice for failure to prosecute, finding that, where a dismissal would render the claims untimely, a court must make a finding of "willfulness, bad faith, or reasonably serious fault" before dismissing for failure to prosecute under Rule 41(b). *Romano,* 2024 WL 4635227, at *4-5.

## DISCUSSION

Here, each of the five relevant factors favors dismissal of Plaintiff's action.

As to the duration of Plaintiff's failure to prosecute, it has been nearly seven months since April 10, 2025, when Plaintiff first failed to file an amended complaint or request an extension of time to do so. A delay of between five and ten months "falls comfortably within the time frames found sufficient" in Rule 41(b) dismissals. *Peters-Turnbull v. Bd. of Educ* No. 96-CV-4914 (SAS), 1999 WL 959375, at *2-3 (S.D.N.Y. Oct. 20, 1999); *see also Greene v. City of New York*, No. 19-CV-0873 (ARR) (RER), 2020 WL 2840521, at *3 (E.D.N.Y. Apr. 23, 2020) (collecting decisions dismissing for failure to prosecute following delays of "five months or less"), *report and recommendation adopted*, 2020 WL 2836785 (E.D.N.Y. June 1, 2020).

Relevant to the second factor, Plaintiff's time to file an amended complaint has been extended multiple times, and Plaintiff was warned of the consequences of failing to comply with my orders. (*See* ECF 31; ECF 33; ECF 35; ECF 37.) Indeed, in my most recent order, I admonished Plaintiff that failure to comply with my order by October 1, 2025 would result in dismissal of her case without prejudice. (*See* ECF 37.) "[A]lthough no one Rule 41(b) factor is dispositive,

5

inexcusable disregard for a judge's warning justifies dismissal, even when the delay is brief." *Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc.*, No. 99-CV-9311 (SAS), 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000).

As to the third factor, "[a]lthough there is no specific evidence on the record that delay will prejudice [the defendant] – indeed, there is no record beyond [the Complaint, Plaintiff's motions for injunctive relief, and the Court's orders] – prejudice to [the defendant] resulting from unreasonable delay may be presumed." *Farion v. Ezzo*, No. 19-CV-5477 (LJL), 2020 WL 5578294, at *1 (S.D.N.Y. Sept. 17, 2020) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982).

With respect to the fourth factor, "the Court's interest in managing its docket is significant, as it would be unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket where [Plaintiff has] 'made no effort to comply with the Court's orders or to prosecute this case." *Ungaro v. Aaron*, No. 24-CV-0339 (RA), 2024 WL 3678437, at *2 (S.D.N.Y. Aug. 5, 2024) (quoting *Antonio v. Beckford*, No. 05-CV-2225 (KMK), 2006 WL 2819598, at *4 (S.D.N.Y. Sept. 29, 2006)).

And as to the fifth factor, "there is no reason for the Court to believe that any lesser sanction would cause Plaintiff to pursue this case with appropriate speed," since Plaintiff has previously failed to respond to any of the Court's multiple other orders. *Antonio*, 2006 WL 2819598, at *4.

I next consider whether dismissal without prejudice would render any of Plaintiff's claims untimely. Plaintiff seeks judicial review of the denial of her request for Appeals Council review of the denial by the Administrative Law Judge of Plaintiff's claim for SSI, pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). (ECF 1, Compl. ¶ 1.) Such review is governed by section 405(g), which applies a

sixty-day statute of limitations from the date Plaintiff received notice that the Appeals Council had denied her request for review. *See* 42 U.S.C. § 405(g); *see also Watkins v. Comm'r of Soc. Sec.*, No. 22-CV-3619 (PGG) (SN), 2024 WL 244381, at *2 (S.D.N.Y. Jan. 22, 2024). The Appeals Council denied Plaintiff's request for review on October 14, 2022. (ECF 17-2, Notice of Appeals Council Action at 1.) Plaintiff is presumed to have received the notice five days later, on October 19, 2022, and thus was required to commence this action by December 19, 2022. *See Liranzo v. Astrue*, No. 07-CV-5074 (CBA), 2010 WL 626791, at *1 (E.D.N.Y. Feb. 23, 2010).[3] In response to Defendant's motion to dismiss, Plaintiff failed to rebut the presumption that she had received the notice in October 2022 or to show that she was entitled to equitable tolling of the limitations period. (*See* ECF 28, Opinion & Order at 6-9.) Dismissal of Plaintiff's claim without prejudice would therefore operate as a dismissal with prejudice, because any new action concerning this Appeals Council decision would be time barred.

Under these circumstances, Plaintiff's claims may be dismissed only if Plaintiff has acted with "willfulness, bad faith, or reasonably serious fault." *Romano*, 2024 WL 4635227, at *5. As explained above, since I granted the motion to dismiss on March 11, 2025 with leave to replead, I have informed Plaintiff of extensions to her time to file an amended complaint four times. My courtroom deputy also informed Plaintiff by mail and email, yet Plaintiff to date still has not filed an amended complaint. The two most recent extensions warned Plaintiff that failure to file an amended complaint in compliance with the Court's orders could result in a dismissal of her case. (*See* ECF 31; ECF 33; ECF 35; ECF 37; ECF 38.) In light of the several opportunities for Plaintiff to file

---

[3] The sixtieth day after October 19, 2022 was Sunday, December 18, 2022; Plaintiff's sixty-day period was extended to the next business day, December 19, 2022. *See DeJesus v. Comm'r of Soc. Sec.*, No. 15-CV-4211 (AT) (HBP), 2017 WL 880875, at *2 (S.D.N.Y. Mar. 3, 2017), *report and recommendation adopted*, 2017 WL 2191609 (S.D.N.Y. May 17, 2017).

an amended complaint and her failure to do so over the course of more than six months, Plaintiff's repeated failures to prosecute this case or to comply with Court orders reflect "reasonably serious fault," if not willfulness, meaning that dismissal for failure to prosecute under Rule 41(b) is appropriate, notwithstanding that this dismissal will as a practical matter have the effect of a dismissal with prejudice. *Romano,* 2024 WL 4635227, at *4-5.

## CONCLUSION

For the foregoing reasons, the case is dismissed sua sponte for failure to prosecute, without prejudice to refiling, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court is directed to terminate all motions and close the case.

Dated: November 5, 2025
      New York, New York

So Ordered,

**ROBYN F. TANOFSKY**
**United States Magistrate Judge**